UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERON N. LYNCH,

    Petitioner,

vs.

JAMES A. HARTLEY, Warden,

    Respondent.

No. C 10-2819 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

    This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent has replied. The motion will be granted for the reasons set out below.

## DISCUSSION

    Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that pursuant to a plea agreement, he pleaded nolo contendere to forcible oral copulation and assault with a deadly weapon with personal use of a firearm. On December 5. 2005, he was sentenced to fourteen years in prison. He did not appeal. He has filed twelve state court habeas petitions; the first of them was filed in Alameda Superior Court on June 20, 2007.

Because petitioner did not appeal, the statute of limitations began running on February 4, 2006, the day after the sixty-day period to appeal expired. *See* Cal. Rules of Court, rule 8.308(a) (60 day period to appeal criminal conviction); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (if a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him or her the day after the date on which the time to seek such review expired). The one-year limitations period therefore expired on Monday, February 5, 2007.[1] *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).

The petition was in fact filed on June 9, 2010, applying the prison mailbox rule. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). This was more than three years after expiration of the limitations period. It also was about four months before petitioner filed his first state habeas petition, so he is not entitled to statutory tolling for the time his state habeas petitions were pending. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period).

In his opposition to the motion to dismiss petitioner asserts that his sentence was

---

[1] Because February 4 was a Sunday, petitioner had until and including February 5th to file. *See* Fed. R.Civ.P. 6(a)(1)(C).

2

illegal, so can be challenged at any time. The cases he cites are California cases, which do not apply here, and there is no federal authority that claiming a state sentence is illegal is a way to avoid the limitations bar.

Petitioner also says he has "submitted a motion for a delayed petition as to all courts . . ." and refers to his attached exhibits A-C. Exhibit A is indeed a "Motion to Submit Delayed Petition," but there is no indication what court it was intended for, nor that it was actually submitted and filed. It thus proves nothing. And exhibits B and C are not motions to file a delayed petition. Finally, petitioner does not explain why he thinks that having filed such motions, if he did, would affect the running of the limitations period.

The motion to dismiss will be granted.

## II.  Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these

3

components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here the petition was untimely by nearly three years and petitioner's opposition to the motion to dismiss presents no substantial argument that it was not. Reasonable jurists would not find the court's assessment of the procedural grounds debatable or wrong. A certificate of appealability will be denied. A certificate of appealability will be denied.

## CONCLUSION

Respondent's motion to dismiss (document number 8 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\LYNCH2819.DIS.wpd

4